IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASVHILLE DIVISION

SIMANU MAGEO, JR.            )
                             )
    v.                       )      NO.   3:21-00216
                             )
TONY MAYS, et al.            )

**TO:   Honorable Eli Richardson, District Judge**

# R E P O R T   A N D   R E C O M M E N D A T I O N

By Memorandum Opinion and Order entered July 1, 2021 (Docket Entry Nos. 5 and 6), the Court referred this *pro se* prisoner civil rights action to the Magistrate Judge for pretrial proceedings.

Simanu Mageo, Jr., ("Plaintiff") is an inmate of the Tennessee Department of Correction ("TDOC") who is currently incarcerated at the Riverbend Maximum Security Institution ("RMSI") in Nashville, Tennessee. On March 6, 2021, he filed this *pro se* and *in forma pauperis* lawsuit under 42 U.S.C. § 1983, seeking relief based on allegations that his constitutional rights were violated by prison staff at the RMSI in May 2020. Upon initial review, the Court found that Plaintiff stated an arguable Eighth Amendment claim against two defendants – Mark Gomez and Courtney Hudson – based on allegations that they acted with deliberate indifference to his serious medical needs. The Court dismissed all other claims and defendants.

Plaintiff was directed by the Court to return completed service packets for the two defendants so that process could issue to them on his claim. Plaintiff was given 21 days from entry of the Court's July 1, 2021, Order to return the completed service packets. *See* Docket

Entry No. 6 at 2-3. Plaintiff promptly complied with the directive. However, service of process was returned unexecuted at the addresses provided by Plaintiff with notations that Defendants were no longer employed at the RMSI. *See* Docket Entry Nos. 8 & 9.

The Court thereafter directed TDOC to provide, under seal, the last known addresses for the Defendants so that process could be re-issued. *See* Order entered September 2, 2021 (Docket Entry No. 11). A last known address for Defendant Gomez was provided by TDOC and process was re-issued at the new address but that process was again returned unexecuted with no forwarding address provided. *See* Docket Entry Nos. 13-15. TDOC was unable to provide a last known address for Defendant Hudson because she was not an employee of the State of Tennessee/TDOC. *See* Docket Entry No. 13.

Upon Plaintiff's request that the Court find "a remedy" for the unexecuted service of process, *see* Plaintiff's letter (Docket Entry No. 16), the Court extended to December 10, 2021, the deadline for Plaintiff to provide alternative addresses for service of process but advised Plaintiff that it could not act as his attorney and that it was not the Court's responsibility to locate the Defendants. *See* Order entered November 10, 2021 (Docket Entry No. 17). Upon subsequent motions by Plaintiff, the Court extended the deadline to provide alternative addresses several times. By Order entered March 24, 2022 (Docket Entry No. 26), the Court extended the deadline to May 13, 2022, but advised Plaintiff that the deadline would not be extended again and that a recommendation for dismissal under Rule 4(m) of the Federal Rules of Civil Procedure would be entered if Defendants were not served with process or if an alternative address for service of process was not provided by the May 13, 2022, deadline.

The May 13, 2022, deadline has now passed without Defendants being served and without Plaintiff providing alternative addresses for service of process upon them. Instead, Plaintiff has filed a motion to execute service of process upon Defendants via "posting in publication." *See* Motion (Docket Entry No. 27). Plaintiff contends that he has an arguable legal claim, that he has made a good faith effort to locate Defendants, and that his indigency prevents him from securing the assistance of "locator services." He asserts that, in the interests of justice, he should be permitted to serve process upon Defendants by publication of a notice in a newspaper. As support, he refers to *Pigrum v. Jordan*, 2002 WL 1477204 (W.D. Tenn. 2002), Rule 4 of the Federal Rules of Civil Procedure, Tenn. Code. Ann. §§ 21-1-203 and 21-1-204, and "TN.R.6 Dist. CIR CT, DIV 4, Rule 22: Publication)."[1] *See* Motion at 1-2.

Rule 4(c)(1) states that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Rule 4(m) provides that:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In the instant action, the Court granted Plaintiff numerous extensions of the 90-day period provided by Rule 4(m) for service of process. Indeed, he was given nearly ten months within which to accomplish service of process. The Court also acted within its discretion to assist Plaintiff in attempting to obtain alternative addresses for service of process by directing TDOC to

---

[1] The Court is unable to ascertain to what rule the quoted reference refers.

provide last known addresses for Defendants. Unfortunately, Defendants remain unserved with process despite these efforts. In accordance with Rule 4(m), they must be dismissed.

Plaintiff's motion for service of process by publication does not save his lawsuit from dismissal. Rule 4(e) governs service of individuals within a judicial district of the United States, and the Rule does not allow for service by publication. Rule 4(e)(1), however, provides that an individual within a judicial district of the United States may be served with process by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," and Plaintiff correctly points out that Tennessee has a statute that provides for service of process by publication in actions brought in the Tennessee Chancery Court. *See* Tenn. Code. Ann. § 21-1-203.

Section 21-1-203[2] provides for service by publication in certain situations. However, it is not a general, catch-all provision for service by publication across the board in all cases, and it has been construed narrowly. *See Ebulueme v. Onoh*, 2019 WL 2246621, at *5 (Tenn. Ct. App. May 24, 2019) (service of process by publication was not permissible in breach of contract case brought in state circuit court); *Pigrum v. Jordan*, 2002 WL 1477204, at *3 (W.D. Tenn. July 3, 2002) ("Furthermore, notice by publication is not sufficient to comply with due process when the person's name or address is known, as in the present case."); *Scroggins v. Goss*, 1999 WL 820742, at *4 (Tenn. Ct. App. July 14, 1999) (noting limited scope of Tennessee's service by publication

---

[2] Although Plaintiff refers to Section 21-1-204 in addition to Section 21-1-203, Section 21-1-204 merely sets out the procedure for service of process by publication when service by publication is permissible under section 21-1-203.

4

statutes); *Cont'l Ins. Co. v. Masters*, 1993 WL 4856, at *2 (Tenn. Ct. App. Jan. 13, 1993) ("We are of the opinion that Tenn. Code Ann. § 21-1-203 was enacted as a way to avoid having to personally serve certain parties when the chancery court *otherwise had jurisdiction over the thing in controversy*.") (emphasis in original); *Suntrust Bank v. Jones*, 2012 WL 1580230, at *2 (M.D. Tenn. May 4, 2012) (Bryant, J.) (service of process upon defendant by publication under Sections 21-1-203 and 204 would be insufficient to support an action for a personal judgment against the defendant).

The instant action involves merely a request for a personal judgment of damages against Defendants. Plaintiff fails to set forth any basis supporting a conclusion that his lawsuit falls within the narrow range of cases in which service of process is deemed permissible under Tennessee law and therefore under Rule 4(e)(1).

## RECOMMENDATION

For the reasons set out above, it is respectfully RECOMMENDED that :

1) Plaintiff's motion for service by publication (Docket Entry No. 27) be DENIED; and

2) this action be DISMISSED WITHOUT PREJUDICE in accordance with Rule 4(m) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District

Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge