IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SIMANU MAGEO, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:21-cv-00216 |
| v. ) | JUDGE RICHARDSON |
| ) | |
| TONY MAYS, et al., ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM OPINION AND ORDER

Pending before the Court is a Report and Recommendation from the Magistrate Judge (Doc. No. 28, "R&R"), recommending that Plaintiff's action be dismissed without prejudice for lack of compliance under Fed. R. Civ. P. 4(m). Plaintiff, who is proceeding *pro se* and *in forma pauperis*, responded in opposition to the Motion. (Doc. No. 29).[1]

## STANDARD OF REVIEW

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.*

Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a Report and Recommendation, and Local Rule 72.02(a) provides that "Such objections must be written, must state with particularity the specific portions of the Magistrate Judge's report or

---

[1] Plaintiff's filed objection is in the form of a two-page letter to the Court.

proposed findings or recommendations to which an objection is made." The district court is not required to review, under a *de novo* or any other standard, those aspects of the report and recommendation to which no objection is made. *Ashraf v. Adventist Health System/Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Security*, No. 3:18-cv-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.*

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3), the Court has reviewed *de novo* the Report and Recommendation, Plaintiff's objections, and the file. Plaintiff's objection notes only that he has struggled to serve the Defendants and that he hopes the Court will "respect [his] objection to [the R&R]." (Doc. No. 29 at 2). However, Plaintiff fails to identify with particularity any specific portion(s) of the R&R to which he disagrees. Thus, the Court need not review any specific aspect of the R&R, and the Report and Recommendation is adopted and approved.[2]

This action is **DISMISSED without prejudice**, and the Clerk is directed to close the file. This Order shall constitute the final judgment in this case under Fed. R. Civ. P. 58.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[2] The Court is sympathetic to the struggles a *pro se*, incarcerated plaintiff faces while attempting to bring a federal court action. However, the Court is constrained by its role as an impartial adjudicator and cannot ignore governing law and applicable legal requirements simply because the party in question is facing higher hurdles than is a typical litigant.